UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RIVERA WILLIAMS,

    Plaintiff,

v.                                                               Case No: 6:18-cv-523-Orl-40GJK

COUNTY OF VOLUSIA, FLORIDA,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant County of Volusia's Motion to Dismiss the Amended Complaint (Doc. 15), and Plaintiff Rivera Williams' Response in Opposition (Doc. 20). Upon consideration, Defendant's motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

This employment discrimination case arises from Defendant Volusia County's (the "**County**") termination of Plaintiff Rivera Williams' employment following Plaintiff's complaint to supervisors and managers about a coworker's racial remarks. (Doc. 9, ¶ 5, 11). Plaintiff is an African American female who was employed by the County's "fleet department" between April 2016 and December 2016. (*Id.* ¶¶ 11–12). In an October 17, 2016 conversation, Richard Rothworth, Plaintiff's coworker, told Plaintiff a story about an African American person who ran him off the road, and in so doing, described a neighborhood as "her [Plaintiff's] people's area." (*Id.* ¶ 15). When asked what he meant by "her people's area," Rothworth explained that the neighborhood was an "African American, low class, and high crime area." (*Id.*).

Plaintiff immediately notified Rothworth's supervisor, Darrell St. Peter, of Rothworth's remarks. (*Id.* ¶ 16). St. Peter failed to take remedial action, and instead falsely informed his supervisor, Robert Gilmore, that Plaintiff's work performance was suffering. (*Id.* ¶¶ 16–18). On October 20, 2016, Plaintiff again reported Rothworth's racial remarks, this time to Jim Frampton, a "Parts Manager" employed by the County. (*Id.* ¶ 19). At that time, Plaintiff also requested a meeting with management to address the retaliation she was facing. (*Id.*).

The next day, Plaintiff met with numerous managers to discuss the retaliation she faced. (*Id.* ¶ 20). In this meeting, "Plaintiff's probation was unjustifiably extended."[1] (*Id.*). Plaintiff reported the discipline to human resources and met with human resources managers concerning the episode. (*Id.* ¶¶ 20–22). She was eventually transferred to a different branch of the County before being placed on administrative leave, and finally was terminated on December 1, 2016. (*Id.* ¶¶ 21–24).

Following her termination, Plaintiff initiated this action alleging Defendant terminated her on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("**Title VII**"). The Amended Complaint alleges two causes of action: Count I for disparate treatment and Count II for retaliatory discharge.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual

---

[1] The Amended Complaint does not state when Plaintiff's probation *began*, just that it was "extended" on October 21, 2016. (Doc. 9).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

### III. DISCUSSION

Defendant moves to dismiss both counts of the Amended Complaint for failure to state plausible claims to relief.

#### A. Count One: Disparate Treatment

Plaintiff brings one count of disparate treatment discrimination in violation of Title VII. Title VII proscribes employer discrimination of an employee on the basis of race. 42

3

U.S.C. § 200e-2(a)(1). "To prevail on a disparate treatment claim, a Title VII plaintiff must demonstrate that an employer intentionally discriminated against her on the basis of a protected characteristic," such as race. *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1024 (11th Cir. 2016).

To plausibly state a disparate treatment claim, a plaintiff must "provide enough factual matter (taken as true) to *suggest* intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam) (emphasis added) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)); *see also Evans v. Ga. Regional Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) ("A Title VII complaint . . . must simply provide enough factual matter to plausibly suggest intentional discrimination."). The complaint need not establish a prima facie case under the *McDonnell Douglas* evidentiary standard.[2] *Id.*

Viewed in the light most favorable to Plaintiff, the Amended Complaint alleges sufficient facts to suggest that Defendant intentionally discriminated against Plaintiff on the basis of her race when it fired her. *See Surtain*, 789 F.3d at 1246. The Amended Complaint therefore states a plausible disparate treatment claim. The close temporal proximity between Plaintiff's complaint of racial remarks to her superiors and her subsequent firing supports a plausible inference that she was fired because of her race. *Id.* Moreover, the sequence of events—from the racially-charged remark to the

---

[2] "[T]he *McDonnell Douglas* burden-shifting framework . . . places the burden on the employer to articulate a legitimate reason for taking an adverse employment action once an employee establishes a prima facie case." *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1026 (11th Cir. 2016).

4

subsequent meetings, probation, transfer, and eventual termination—suggest the same. Therefore, Defendant's motion to dismiss Count I is due to be denied.[3]

## B. Count Two: Retaliation

Plaintiff also alleges one count of retaliatory discharge. Title VII provides that it is an unlawful employment practice for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily-protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quoting *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)). Because Defendant does not dispute the second or third element, the Court need only decide whether Plaintiff plausibly alleged that Plaintiff engaged in statutorily-protected expression.

To satisfy the first element of a retaliation claim, a plaintiff must oppose "an unlawful employment practice of an employer, not an act of discrimination by a private individual." *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir.

---

[3] In its motion, Defendant argues that Count One should be dismissed because Plaintiff fails to allege "*direct evidence* of discriminatory animus," fails to establish a *prima facie* case of disparate treatment, and fails to identify a similarly-situated comparator. (Doc. 15, pp. 4–5). Such detailed pleading is not necessary to state a disparate treatment claim. A complaint states a plausible disparate treatment claim where it merely alleges "enough factual matter to plausibly suggest intentional discrimination." *Evans*, 850 F.3d at 1253

5

1997). Thus, an employee's expressed opposition to a racially derogatory comment is protected only if the comment can be attributed to the employer. *Id.*

Moreover, the Eleventh Circuit has held that complaining about isolated racial remarks or harassment does not constitute protected expression. *Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 875 (11th Cir. 2013) (per curiam) (holding that a reasonable person would not believe a complaint about an isolated incident of sexual harassment to be protected expression under Title VII);[4] *Little*, 103 F.3d at 961 (holding a plaintiff could not prevail on a retaliation claim when he complained of a single racial remark that was made by a coworker); *see also Smith v. Bottling Grp., LLC*, No. 8:16-cv-771-T-24, 2016 WL 2944070, at *3 (M.D. Fla. May 20, 2016).

Count Two fails to state a claim for two reasons. First, the Amended Complaint fails to allege facts plausibly showing that the racial comments made by Rothworth, "a coworker" (Doc. 9, ¶ 15), can be attributed to the County. *See Little*, 103 F.3d at 959. Second, because Plaintiff's retaliation claim is premised on her complaint about a *single* racial remark that led to her termination, she has not plausibly alleged that she engaged in protected expression. *See Arafat*, 549 F. App'x at 875; *Little*, 103 F.3d at 961. Therefore, Plaintiff has failed to plausibly state a retaliation claim, and Defendant's motion to dismiss Count Two is due to be granted.[5]

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

[5] Plaintiff contends that she need not establish a *prima facie* retaliation claim to survive a Rule 12(b)(6) motion to dismiss. (Doc. 20, pp. 9–10). In so doing, Plaintiff ignores abundant caselaw from this District and the Eleventh Circuit requiring plaintiffs to allege the *prima facie* elements of a retaliation claim to survive a motion to dismiss. *See, e.g., Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 89–90 (11th Cir.

### C. Leave to Amend

Plaintiff requested leave to amend in the event the Court finds the Amended Complaint fails to state a claim for retaliatory discharge. This request is denied as procedurally improper. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (per curiam)). Plaintiff also failed to comply with Federal Rule of Civil Procedure 7(b) by neglecting to "set forth [either] the substance of the proposed amendment or attach a copy of the proposed amendment." *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Therefore, to the extent Plaintiff still seeks to pursue a retaliatory discharge claim, she must file a separate motion seeking leave to amend in compliance with this Court's Local Rules and Federal Rules of Civil Procedure.

### IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that County of Volusia's Motion to Dismiss the Amended Complaint (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**. Count II is **DISMISSED WITHOUT PREJUDICE**. The Motion is otherwise denied. Defendant has **fourteen (14) days** from the date of this Order to answer the remainder of Plaintiff's Amended Complaint.

---

2015); *Arafat*, 549 F. App'x at 874; *Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (per curiam); *Karaba v. DSI Sec. Servs.*, No. 2:16–cv–664–FtM–38MRM, 2017 WL 6349796, at *4 (M.D. Fla. Aug. 17, 2017); *Smith*, 2016 WL 2944070, at *3. Thus, Plaintiff's argument on this point fails.

**DONE AND ORDERED** in Orlando, Florida on August 10, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties